1

2

3

4

5

6

7

8

9          IN THE UNITED STATES DISTRICT COURT

10       FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12   GREGORY WELLS,                              1:10-cv-02285-JLT HC

13             Petitioner,

14       vs.

15   U. S. DISTRICT COURT,                       ORDER OF TRANSFER

16             Respondent.

17   _____/

18        Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28

19   U.S.C. § 2254.

20        The federal venue statute requires that a civil action, other than one based on diversity

21   jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants

22   reside in the same state, (2) a judicial district in which a substantial part of the events or omissions

23   giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is

24   situated, or  (3) a judicial district in which any defendant may be found, if there is no district in which

25   the action may otherwise be brought." 28 U.S.C.  §  1391(b).

26        In this case, petitioner is challenging a conviction from Los Angeles County, which is in the

27   Central District of California.  Therefore, the petition should have been filed in the United States District

28   Court for the Central District of California.  In the interest of justice, a federal court may transfer a case

filed in the wrong district to the correct district. <u>See</u> 28 U.S.C. § 1406(a); <u>Starnes v. McGuire</u>, 512 F.2d 918, 932 (D.C. Cir. 1974). In a habeas matter, venue is proper in either the district of conviction or the district of confinement. 28 U.S.C. § 2241(d). Where a petitioner attacks the execution of his sentence, the proper forum in which to review such a claim is the district of confinement. See <u>Dunn v. Henman</u>, 875 F.2d 244, 249 (9th Cir. 1989)(stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to challenge the execution of a sentence is the district where the prisoner is confined.")

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated:   **February 1, 2011**                              **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE